IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER REED,** : | |
| : | |
| Plaintiff : | |
| : | **CIVIL ACTION NO. 3:18-CV-00377** |
| v. : | |
| : | **(Judge Caputo)** |
| **WILLIAM WILLIAMS**, *et al.,* : | |
| : | |
| Defendants : | |

# M E M O R A N D U M

## I. Introduction

Plaintiff Christopher Reed, an inmate presently housed at the Rockview State Correctional Institution (SCI-Rockview), in Bellefonte, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on February 14, 2018. (ECF No. 1.) Shortly thereafter Mr. Reed sought leave to file an amended complaint. The Court granted Mr. Reed leave to proceed *in forma pauperis* as well as leave to file an amended complaint. (ECF No. 12.) On February 19, 2019, Mr. Reed filed an Amended Complaint. (ECF No. 16.)

For the reasons set forth below, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Mr. Reed will be granted leave to file a second amended complaint.

## II. Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. *See* 28 U.S.C. §

1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. See 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. See *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). See *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

### III. Allegations of the Amended Complaint

Mr. Reed names the following Defendants in his Amended Complaint (ECF No. 16): Secretary John Wetzel; SCI-Rockview Superintendent Mark Garman; SCI-Rockview Deputy Superintendent Morris Houser; Medical Director Paul Noel; Corrections Officer (CO) Brungart; CO Holdon; Correct Care Solutions; Dr. Michael Sobolewski; and Dr. Symons. (*Id.*)

Plaintiff states he suffered a work-related injury while working at SCI-Rockview and that he was subject to retaliation for seeking a legal remedy for this injury. (*Id.* at ¶ 1.) He alleges John Wetzel as the Secretary of the Pennsylvania Department of Corrections (DOC) is authorized to make policy, sign contracts and provide medical services. (*Id.* at ¶ 2.) Mr. Reed names Superintendent Garman because he oversees SCI-Rockview medical and treatment staff and "[f]ailed to investigate the issues." (*Id.* at ¶ 3.) Correct Care Solutions is a contract medical care provider who employs Physicians and Physician Assistants who provide services within the DOC. (*Id.* at ¶ 4.) Dr. Sobolewski is an orthopedist "who failed to ask D.O.C. why treatment he issued was not being done." (*Id.* at ¶ 5.) Deputy Superintendent Houser, who responded to Plaintiff's medical care grievance, failed to investigate the issue properly. (*Id.* at ¶ 6.) DOC Medical Director Paul Noel failed to review Plaintiff's medical file to ensure Plaintiff's medical condition was treated in accordance with DOC policies. (*Id.* at ¶ 7.) CO Brungart and CO Holden oversee inmates as well as "shakedowns" of inmate cells. (*Id.* at ¶¶ 8 – 9.) Defendants are named in their individual and official capacities. (*Id.*, pp. 3 – 4.) As relief Mr. Reed seeks monetary damages. (*Id.*, p. 7.)

## IV. Discussion

Section 1983 provides that persons acting under color of state law may be found liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. See 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254 - 55, 101 L.Ed.2d 40 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### A. Official Capacity Claims for Damages Against Prison Officials in their Official Capacities.

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. See Pennhurst v. Halderman, 465 U.S. 89, 99-100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21, 25 - 27, 112 S.Ct. 358, 361 - 62, 116 L.Ed.2d 301 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 - 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The Commonwealth of Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. See 42 Pa. Cons. Stat. Ann. § 8521 - 22. However, state officials sued in their *individual* capacities are "persons" within the meaning of Section 1983. See Hafer, 502 U.S. at 31, 112 S.Ct. at 364 - 65. Thus, the Eleventh Amendment does not bar suits for

monetary damages brought under Section 1983 against state officials in their individual capacities. *Id*. Accordingly, any claim for monetary damages against the Defendants in their official capacities are subject to dismissal with prejudice.

### B. Mr. Reed's Amended Complaint Fails to Comply with Federal Rule of Civil Procedure 8.

> Rule 8 requires, inter alia, a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Thus, dismissal for violation of Rule 8 'is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised.' *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quotation marks omitted); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (stating same).

*Bhatt v. Hoffman*, 716 F. App'x 124, 127 (3d Cir. 2017). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d). Rule 8 is satisfied when the allegations of the complaint "enable[s] [the adverse party] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). If a *pro se* complaint does not comply with the requirements of Rule 8, a court may dismiss the complaint "on its own initiative or in response to a motion by the defendant." *Id.*

In its present form, Mr. Reed's Amended Complaint violates Fed. R. Civ. P. 8. Liberally construing Mr. Reed's Amended Complaint, he seeks to bring a claim of deliberate indifference for an unspecified medical injury he suffered while assigned to

SCI-Rockview's Facility Maintenance Department. Facts setting forth the date of the injury, the type of injury suffered, what treatment he received (or failed to receive), and who is alleged to have failed to properly treat his injury are missing from the Amended Complaint. The same can be said for Mr. Reed's retaliation claim. The factual basis for his retaliation claim, who retaliated against him and what actions that individual took against him and how his access to the courts was impaired are absent from the Amended Complaint. The Amended Complaint fails to place the Defendants on notice for the specific acts (or omissions) they allegedly participated in that harmed Mr. Reed. Accordingly, the Amended Complaint will be dismissed as it fails to comply with Fed. R. Civ. P. 8. Plaintiff will be granted leave to file a second amended complaint.

### C. Leave to Amend

Mr. Reed will be granted twenty-one days to file an amended complaint alleging the personal involvement of each named Defendant. If Mr. Reed decides to file a second amended complaint, he is advised he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, preferably on the court-approved form. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the [Complaint or Amended Complaint] already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Reed is advised that any second amended complaint he may file supersedes (replaces) the original and amended complaint already filed. In addition, it must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D.

Pa. LR 15.1; *see also* W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the original complaint which were not dismissed with prejudice and are not included in the amended complaint are waived.

    Mr. Reed is also advised that his second amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.

    Plaintiff must also specify the relief he seeks from each defendant. Mr. Reed's failure to file an appropriate second amended complaint within the required time will result in this matter be dismissed pursuant to 42 U.S.C. § 1915(e)(2)(b)(ii). Finally, Plaintiff is reminded of his obligation to advise the Court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be deemed as his abandonment of the lawsuit resulting in the dismissal of the action.

    An appropriate order follows.

**Date: March 29, 2019**            /s/ A. Richard Caputo
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**