**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER REED,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:18-CV-0377** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **WILLIAM WILLIAMS*, et al.,*** | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Presently before the Court is Mr. Reed's motion for appointment of counsel (ECF No. 13).  For the following reasons it will be denied without prejudice.

## I.     Background

Mr. Reed filed this action on February 14, 2018.  (ECF No. 1.)  He then filed an Amended Complaint alleged that he suffered retaliation after seeking legal remedies for a work-related injury he suffered while housed at SCI-Rockview.  (ECF No. 16, *generally*.)   He Named the following Pennsylvania Department of Corrections (DOC) employees as defendants:  Secretary Wetzel; Superintendent Garman; Deputy Superintendent House; Medical Director Paul Noel; Corrections Officers (CO) Brungart and Holden.  Mr. Reed also named Correct Care Solutions, SCI-Rockview's contract medical care provider and its several of its employees, Dr. Sobolewski and Dr. Symons, as defendants.  (*Id.*, *generally*.)  Recently the Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

dismissed all official capacity claims against the defendants and concluded the Amended Complaint failed to comply with the requirements of Fed. R. Civ. P. 8. (ECF No. 19.)  Mr. Reed was granted leave to file to file a second amended complaint.  (*Id*.)  To date Mr. Reed has not filed a second amended complaint.

## II.    Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454, 456 – 57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). "Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present facts and legal issues to the court in a complex but arguably meritorious case.'"  *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)) (emphasis in original).

"[V]olunteer lawyer time is a precious commodity[,]" *Montgomery*, 294 F.3d at 499, so the decision to recruit counsel for an indigent prisoner should be exercised "discerningly."  *Id.* at 505 n. 10.  The Third Circuit Court of Appeals has provided guidance for the exercise of the district court's discretion in this regard.  At the threshold, the Court must decide whether the plaintiff's case, "has some arguable merit in fact and law."  *Id*. at 499.  A court need not appoint counsel "if the indigent's

chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted). If the threshold requirement is met, the Court then considers several factors to determine whether to request counsel for an indigent party. These factors include: (1) Plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155 - 57. If the case "appears to have merit" and "most of the aforementioned [*Tabron*] factors have been met," the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Montgomery*, 294 F.3d at 505 (quoting *Parham*, 126 F.3d at 461) (internal quotation marks omitted) (alteration in original).

In the instant case, Mr. Reed seeks counsel because his "case will involve complex terminology and presentation [ ] [o]f Confidential Records and getting address for all people to testify by Subpoena and depose defendants which petitioner has never done." (ECF No. 13, ¶ 6.) He adds that his lack of prior litigation experience, lack of income, and inability to secure counsel on his own support the appointment of counsel in this matter. (*Id.*) Plaintiff has submitted no evidence of his attempts to secure counsel on his own. Additionally, despite the need for a second amended complaint in this matter, Mr. Reed has communicated

effectively with the Court regarding his claim and appears competent to litigate this matter. The most significant bar to his request for appointment of counsel at this juncture is that the Court cannot assess the complexity of his case or the likelihood of success on the merits until it receives Mr. Reed's second amended complaint. For these reasons Mr. Reed's motion for appointment of counsel will be denied without prejudice.

An appropriate order follows.

**Date: April 9, 2019**                         /s/ A. Richard Caputo
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**